Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the
NORTHERN District of WEST VIRGINIA

Wheeling Division

**FILED**
APR 0 7 2020
U.S. DISTRICT COURT
ELKINS WV 26241

ANGEL MOORMAN

Plaintiff(s)

(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

C. WADLOW; A. ROSE; N. AUSTIN; M. BAUGHMAN; ZACCONE.

Defendant(s)

(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. 5:20cv65
(to be filled in by the Clerk's Office)

Bailey
Mazzone
Blalock

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Page 1 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | ANGEL MOORMAN |
| All other names by which you have been known: | NONE |
| ID Number | #74306-067 |
| Current Institution | UNITED STATES PENITENTIARY – CANAAN |
| Address | SMART COMMUNICATIONS – USP CANAAN, P.O. BOX 30 |
| | PINELLAS PARK, FL 32781 |
| | City / State / Zip Code |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
| | |
|---|---|
| Name | C. WADLOW |
| Job or Title *(if known)* | CORRECTIONAL OFFICER |
| Shield Number | UNKNOWN |
| Employer | FCI-HAZELTON (FEDERAL BUREAU OF PRISONS) |
| Address | 1640 SKYVIEW DRIVE |
| | BRUCETON MILLS, W.VA. 26525 |
| | City / State / Zip Code |

[✓] Individual capacity   [ ] Official capacity

Defendant No. 2
| | |
|---|---|
| Name | A. ROSE |
| Job or Title *(if known)* | CORRECTIONAL OFFICER |
| Shield Number | UNKNOWN |
| Employer | FCI-HAZELTON (FEDERAL BUREAU OF PRISONS) |
| Address | 1640 SKYVIEW DRIVE |
| | BRUCETON MILLS, W.VA. 26525 |
| | City / State / Zip Code |

[✓] Individual capacity   [ ] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
Name: N. AUSTIN
Job or Title (if known): CORRECTIONAL OFFICER
Shield Number: UNKNOWN
Employer: FCI-HAZELTON (FEDERAL BUREAU OF PRISONS)
Address: 1640 SKYVIEW DRIVE
BRUCETON MILLS, W.VA. 26525
City / State / Zip Code

☑ Individual capacity ☐ Official capacity

Defendant No. 4
Name: M. BAUGHMAN
Job or Title (if known): CORRECTIONAL OFFICER
Shield Number: UNKNOWN
Employer: FCI-HAZELTON (FEDERAL BUREAU OF PRISONS)
Address: 1640 SKYVIEW DRIVE
BRUCETON MILLS, W.VA. 26525
City / State / Zip Code

☑ Individual capacity ☐ Official capacity

(SEE ATTACHMENT, DEF. #5)

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☑ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials? EIGHTH AMENDMENT (EXCESSIVE FORCE/CRUEL AND UNUSUAL PUNISHMENT) [SEE ATTACHMENT] "LEGAL CLAIMS"

Page 3 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced state prisoner
☑ Convicted and sentenced federal prisoner
☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

THE EVENTS AROSE WHILE I WAS HOUSED AT FCI-HAZELTON. THE EVENTS OCCURRED ON DECEMBER 29, 2018, AT APPROX. 9:45 A.M.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C. What date and approximate time did the events giving rise to your claim(s) occur?

ON DECEMBER 29, 2018, APPROX. 9:45 A.M.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

1. At all times relevant to this case, Plaintiff Angel Moorman was confined to L-1 block at the Federal Correctional Institution located in Bruceton Mills, West Virginia.

2. On December 22, 2018, Moorman was placed in Special Housing Unit (SHU) for allegedly possessing contraband (tobacco). These allegations were made against Moorman by Defendant C. Wadlow. On December 28, 2018, ...
[See Attachment, "STATEMENT OF FACTS" for continuation]

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

My eye was bruised and swollen for approximately three days. I obtained open-flesh wounds on my left arm. My jawbone was dislocated, and I had flat-lined (literally died). In addition, I have been seeing physchology for experiencing post-traumatic stress symptoms related to incident. I was subsequently given cat-scans, MRI's and X-rays at outside hospital.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I WISH TO BE AWARDED MONETARY DAMAGES IN THE AMOUNT OF $20.1 MILLION DOLLARS ($20,000,000.00), FOR PERSONAL INJURIES, ACTUAL DAMAGE, AND PAIN AND SUFFERING DUE TO THE ILLEGAL CONDUCT. THIS INCLUDES COMPENSATORY AND PUNITIVE PUNISHMENT/DAMAGES. [SEE ATTACHMENT]
"PRAYER FOR RELIEF"

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

FCI-HAZELTOWN.

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

EXCESSIVE FORCE ; STAFF MISCONDUCT

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes
☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☑ Yes
☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

   UNITED STATES PENITENTIARY — CANAAN

2. What did you claim in your grievance?

   THAT I WAS ASSAULTED BY STAFF OFFICIALS (DEFENDANTS)

3. What was the result, if any?

   DENIED; RESPONDED FOR "INFORMATIONAL PURPOSES ONLY."

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   I APPEALED THE WARDEN'S DENIAL/RESPONSE TO THE REGIONAL OFFICE. WHEN THAT OFFICE DENIED MY CLAIM, I APPEALED TO THE CENTRAL OFFICE IN WASHINGTON, DC, AND WAS DENIED. I PURSUED ALL LEVELS AND AVENUES UNDER PROCEDURES.
   (SEE ATTACHMENTS TO COMPLAINT)
   @ EXHIBIT "B"

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F. If you did not file a grievance:

  1. If there are any reasons why you did not file a grievance, state them here:

  2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

THE PROCESS OF EXHAUSTION WAS DELAYED ON VARIOUS INSTANCES BY BUREAU OF PRISONS TARDY RESPONSES.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☑ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) _____
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   _____

3. Docket or index number
   _____

4. Name of Judge assigned to your case
   _____

5. Approximate date of filing lawsuit
   _____

6. Is the case still pending?
   ☐ Yes
   ☐ No
   If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
   _____

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment? NO

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes
☑ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

　　1. Parties to the previous lawsuit
　　　Plaintiff(s) _____
　　　Defendant(s) _____

　　2. Court *(if federal court, name the district; if state court, name the county and State)*

　　　_____

　　3. Docket or index number

　　　_____

　　4. Name of Judge assigned to your case

　　　_____

　　5. Approximate date of filing lawsuit

　　　_____

　　6. Is the case still pending?
　　　☐ Yes
　　　☐ No
　　　If no, give the approximate date of disposition _____

　　7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

　　　_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 03/31/2020

Signature of Plaintiff: X

Printed Name of Plaintiff: ANGEL MOORMAN

Prison Identification #: # 74306-067

Prison Address: SMART COMMUNICATIONS-UNITED STATES PENITENTIARY CANAAN
PINELLAS PARK, FL, 32781

### B. For Attorneys

Date of signing:

Signature of Attorney:

Printed Name of Attorney:

Bar Number:

Name of Law Firm:

Address:

Telephone Number:

E-mail Address:

Defendant No.5

Name: Zaccone
Job or Title: Correctional Officer
Shield No. (Unknown)
Employer: FCI-Hazelton, Federal Bureau of Prisons
Address: 1640 Skyview Drive; Bruceton Mills, W. Va. 26525

# I.
## STATEMENT OF FACTS

Moorman was released from SHU and returned to his assigned unit.

3. On December 29, 2018 at approxiamently 9:01 A.M. Moorman unpacked his SHU property and browsed the unit. At that time, Wadlow entered L-1 unit, approached Moorman and stated, "I'll be back to get you." Waldow then went into the officer's station, where Defendant Zaccone was working.

4. On the same date at approxiamently 9:16 A.M., Zaccone conducted rounds in the unit. Zaccone stopped by Moorman's cell and stated, "You know what's about to happen, right?" Before Moorman could reply, Zaccone walked off smiling and returned to officers station.

5. At 9:45 A.M. all inmates were locked into their cells for the count. As Moorman was cleaning his cell he heard keys jingling and numerous voices within the unit. Moorman approached his cell door and he noticed Defendant N. Austin and two other prison guards enter officer's station occupied by Zaccone. Upon information and belief, these two guards were Defendants A. Rose and M. Baughman.

6. On the same date at approxiamently 10:15 A.M. Zaccone and another prison guard conducted count. Approxiamently 10:30 A.M., on same date, Moorman looked out his cell window and saw Wadlow running full speed from L-2 unit and enter L-1 unit. Between 10:35 and 10:40 A.M. the tray slot connected to Moorman's cell door suddenly dropped. A shooting munition appeared in the opening of the slot and began to fire pellets and pepper-spray. Moorman was struck in the face, torso and legs with objects from the device approxiamently fourteen times. When the firing ceased, the cell door opened and three-to-four prison guards rushed into the cell and commenced to attacking Moorman. Upon information and belief, these guards were Defendants A. Rose, M. Baughman, C. Waldow, and N. Austin. Moorman was immediately

(1)

struck in the face and head with the shooting device and by walkie-talkies and fists from prison guards/defendants. Moorman fell to the floor, onto his stomach; wherein, the prison guards/defendants began kicking and punching Moorman in the head and back areas.

7. During the assault Moorman complied with all directives to "lay down." Indeed, Moorman was already on his stomach, back to the guards, with his arms spreaded-eagle. Moorman repeatedly called out: "I can't breathe, I can't breathe." Defendants continued to ply upon Moorman and strike him as he layed on the floor of the cell. The kicks and punches caused Moorman pain and swelling of his left eye, and so extreme that Moorman veered in and out of consciousness.

8. While Moorman laid on the floor the guards/defendants handcuffed him and placed him on a gurney; Moorman again called out: "I can't breathe." One if the guards/defendants responded: "Shut that nigga up." (Upon information and belief, the guard who made the statement was Defendant C. Wadlow). At this point Moorman was hit and pounded in the head-face area with the cell door by guards/defendants involved. These blows literally killed Moorman.

9. Moorman was revived by medical staff at FCI-Hazeltown at the prison and subsequently transported to Ruby Memorial hospital, where A. Rose and M. Baughman openly bragged to outside medical staff: "Yeah, we broke his jaw"; and, "We slammed a few doors on his head."

10. While at Ruby Memorial Hospital, Moorman was given catscans, MRI's and X-rays. Moorman was treated for open-flesh wounds on his left arm and bruises to his face area and head and prescribed pain medications.

(2)

11. That same day, December 29, 2018, once Moorman returned to the FCI-Hazelton, Zaccone initiated a bogus incident report against me, stating that I was self-mutilating in the cell and that force was therefore necessary to constrain me. Additionally, A. Rose, C. Wadlow, N. Austin and M. Baughman submitted a memorandum to same effect -- all in order to justify the assault upon me. Relevant pages of the falsified incident report are attached at Exhibit A.

## II
## EXHAUSTION OF LEGAL REMEDIES

12. Plaintiff Moorman has filed a complaint previously utilizing the grievance procedure available within the Bureau of Prisons. Specifically, Moorman has fully exhausted his legal remedies with the Bureau by completing his BP-9, BP-10, and BP-11. He was denied at each level of the procedure. Moorman's grievances and appeals are attached as Exhibit B.

## III. LEGAL CLAIMS

13. Plaintiff realleges and incorporates by reference paragraphs 1-13.

14. Defendant C. Wadlow used excessive force against the Plaintiff Moorman by punching him in the face and kicking him while he was laying down on his back, when Moorman was not violating any prison rules or policies, and was not acting disruptively. Defendant Wadlow's actions violated Plaintiff Moorman's rights under the Eighth Amendment to the U.S. Constitution, and caused Moorman pain, suffering,

( 3 )

physical injury and emotional distress.

15. Defendant A. Rose used excessive force against Plaintiff Moorman by punching him in the face and kicking him in the back and neck while Moorman was laying face down and was not violating any prison rules or policies, and was not acting disruptively. Defendant Rose's actions violated Moorman's rights under the Eighth Amendment to the U.S. Constitution, and caused Moorman pain, suffering, physical injury and emotional distress.

16. Defendant N. Austin used excessive force against Plaintiff Moorman by punching him in the face and kicking him in the back as Moorman was laying face down and was not violating any prison rule, and was not acting disruptively. Defendant Austin's actions violated Moorman's rights under the Eighth Amendment to the U.S. Constitution, and caused Moorman pain, suffering, physical injury and emotional distress.

17. Defendant M. Baughman used excessive force against Plaintiff Moorman by punching him in the face and kicking him in the head and back while Moorman was laying face down and was not violating any prison rule, and was not acting disruptively. Defendant Baughman's actions violated [Baughman] Moorman's rights under the Eighth Amendment to the U.S. Constitution, and caused Moorman pain, suffering, physical injury and emotional distress.

18. Defendant Zaccone, by witnessing the above-named Defendants action, failing to report or correct that misconduct, and by deliberately and knowingly fabricating a incident report to cover up the misconduct, and by encouraging the same, also violated Plaintiff Moorman's rights under the Eighth Amendment to the U.S. Constitution and causing Moorman pain, suffering, physical injury and emotional distress.

19. Plaintiff Moorman has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been irreparably injured by the conduct of the defendants unless this

Court grants the declaratory and compensatory damages/relief which plaintiff seeks.

## IV. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this Court enter judgment:

20. Granting Plaintiff Moorman a declaration that the acts described herein violate his rights under the Constitution and laws of the United States, and

21. Granting Plaintiff Moorman compensatory damages in the amount of $4,000,000.00 (four-million dollars) against each defendant, jointly and severally.

22. Plaintiff seek punitive damages in the amount of 20,000.00 (twenty-thousand dollars) against each defendant, jointly and severally.

23. Plaintiff also seeks a jury trial on all issues triable by jury.

24. Plaintiff also seeks recovery of their costs in this suit, and

25. Any additional relief this court deems just, proper, and equitable.

Dated: April 2, 2020.

Respectfully submitted,
/s/ _____
ANGEL MOORMAN, #74306-067
USP-CANAAN, PO Box 300
Waymart, PA. 18472

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged herein are true, except as to matters alledged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at USP-Canaan in Waymart, PA. on April 2, 2020.

_____
ANGEL MOORMAN